## ROBINSON v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7251.

Circuit Court of Appeals, Fifth Circuit.

April 2, 1934.

Sidney J. Hayles, of Atlanta, Ga., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., Sewall Key, Milford S. Zimmerman, and J. Louis Monarch, Sp. Assts. Atty. Gen., and

E. Barrett Prettyman, Gen. Counsel, Bureau of Internal Revenue, and W. F. Gibbs, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

The Coca-Cola Company, a corporation with a million shares of common stock outstanding, on January 15, 1929, declared a stock dividend of an equal number of shares of "class A" stock which it issued, share for share, to the common stockholders, at the same time offering in writing to purchase, on or before March 16, 1929, at $50 per share as much as 20 per cent. of class A stock issued to any and all stockholders. The company stated in its annual report to its stockholders for 1929 that it had purchased approximately 20 per cent. of the class A stock. Its books show that it had a surplus in excess of $14,000,000, five million of which it had transferred and assigned to class A stock, "distributed as a dividend on common stock," and that it had actually purchased during that year all except 6,420 of the 200,000 shares it had agreed to purchase.

The petitioner, Robinson, being the owner of 5,300 shares of common stock, received an equal number of shares of class A stock, and returned to the company one-fifth or 1,060 shares, for which he was paid by it $50 per share. In his income tax return for 1929 he treated this transaction as a sale to the company, and the profit therefrom as a capital net gain under section 101 (a) of the Revenue Act of 1928, 26 USCA § 2101 (a). The Commissioner, however, treated the cash received by petitioner on the transfer of his stock to the company as a taxable dividend, and accordingly made a deficiency assessment which was sustained by the Board of Tax Appeals. 27 B. T. A. 1018.

The board based its decision on section 115 (g), 26 USCA § 2115 (g), which provides that a dividend shall be taxable if a corporation "cancels or redeems" its stock, at such time or in such manner as to make the cancellation or redemption essentially equivalent to the distribution of a taxable dividend. Petitioner contends that this section has no application except where stock is canceled or called and retired. Even so, his case upon the facts stands in no better light. We agree with the board that the company's distribution and offer to take back the stock were in reality but parts of the same transaction. Under the plan adopted, the class A stockholders were entitled to a pro rata distribution of cash immediately upon receiving and returning stock. The company set aside a sufficient fund to pay for half the stock which it offered to take back, and had an ample surplus on hand with which to pay for all of it; and substantially all of it was turned in by the various owners for cash. It is idle to argue that a nontaxable stock dividend was declared. What was done was clearly equivalent to the payment of a cash dividend. No statute is needed to make the facts speak the truth. Calling a cash dividend a stock dividend does not make it so. It is immaterial that stockholders owning less than 5 shares could not participate in the dividend. It is enough that those entitled to participate had the right to demand a pro rata distribution of cash.

The petition for review is denied.